```
                     United States District Court
                       District of Massachusetts
 _____
                               )
JULIO QUINTANILLA and          )
MARIA QUINTANILLA              )
                               )
        Plaintiffs,            )
                               )   Civil Action No.
        v.                     )   15-12947-NMG
                               )
OCWEN LOAN SERVICING, LLC,     )
                               )
        Defendant.             )
 _____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This case involves allegations that a mortgage servicing institution deliberately misrepresented its loan modification requirements to two of its borrowers. The borrowers claim that they relied on those misrepresentations with respect to the submission of a loan modification application that was ultimately denied by the defendant. The denial of the application preceded the scheduling of a foreclosure sale of the borrowers' commercial property on Monday, November 9, 2015. The borrowers sought to enjoin that foreclosure sale until they have had an opportunity to cure their default on the loan.

Their motion for a temporary restraining order ("TRO") and/or a preliminary injunction was denied on the day of the

scheduled sale with notice that a memorandum and order ("M&O") would follow. This is that M&O.

## I. Background

### A. The parties

Plaintiffs Julio Quintanilla and Maria Quintanilla are a married couple who live in Somerville, Massachusetts and own and operate a commercial property located at 151-53 Meridian Street in East Boston, Massachusetts.

Defendant Ocwen Loan Servicing, LLC ("Ocwen") is a national mortgage servicing institution that advised plaintiffs on preparing and supplementing a loan modification application. Defendant ultimately denied plaintiffs' application.

Ocwen is a limited liability company ("LLC"), the sole member of which is not a citizen of the Commonwealth of Massachusetts.

### B. Defendant's alleged conduct

According to plaintiffs, in June, 2015, defendant scheduled a foreclosure sale for plaintiffs' commercial property for July, 2015. Plaintiffs submitted to defendant a loan modification application containing "all of the requisite borrower documentation" on June 20, 2015 in order to suspend the foreclosure sale. Plaintiffs claim that they requested information and received a series of fraudulent and deceptive instructions from defendant regarding their financial
-2-

eligibility and the application requirements for modifying their loan.  Plaintiffs contend that they justifiably relied on those misrepresentations in preparing their application but that defendant ultimately denied the application in bad faith.

**C.     Procedural history**

On July 13, 2015, plaintiffs filed a two-count complaint in a Massachusetts Superior Court alleging 1) unfair and deceptive practices under M.G.L. ch. 93A § 11 and 2) a breach of the implied covenant of good faith and fair dealing.  Defendant removed the action to this federal court on the basis of diversity jurisdiction.

On Friday, November 6, 2015, one business day before the foreclosure sale, long-since rescheduled to occur on Monday, November 9, 2015, at 11:00 A.M., plaintiffs moved for the Court enjoin defendant from conducting that sale.  Plaintiffs also filed an amended complaint with a new count of negligent misrepresentation.

The Court held a hearing on the motion on the same day, took the matter under advisement and directed counsel to make a last ditch effort to resolve the dispute.  Counsel were instructed that, if they were unable to reach an agreement over the weekend, the Court would rule on the motion for injunctive relief on Monday, November 9, 2015, at 9:00 A.M..

On November 8, 2015, the parties notified the Court that they were not able to resolve the dispute.

## II. **Plaintiffs' motion for a temporary restraining order and/or preliminary injunction**

### A. **Legal standard**

In order to obtain a preliminary injunction, the moving party must establish 1) a reasonable likelihood of success on the merits, 2) the potential for irreparable harm if the injunction is withheld, 3) a favorable balance of hardships and 4) a favorable effect on the public interest. Jean v. Mass. State Police, 492 F.3d 24, 26-27 (1st Cir. 2007). Out of these factors, the likelihood of success on the merits "normally weighs heaviest on the decisional scales." Coquico, Inc. v. Rodriguez-Miranda, 562 F.3d 62, 66 (1st Cir. 2009).

The standard is the same regardless of whether the moving party seeks a temporary restraining order or a preliminary injunction. See, e.g., Largess v. Supreme Judicial Ct., 317 F. Supp. 2d 77, 81 (D. Mass. 2004); Quincy Cablesys., Inc. v. Sully's Bar, Inc., 640 F. Supp. 1159, 1160 (D. Mass. 1986).

The Court may accept as true "well-pleaded allegations [in the complaint] and uncontroverted affidavits." Rohm & Haas Elec. Materials, LLC v. Elec. Circuits, 759 F. Supp. 2d 110, 114, n.2 (D. Mass. 2010) (quoting Elrod v. Burns, 427 U.S. 347, 350, n.1 (1976). The Court may also rely on otherwise inadmissible

evidence, including hearsay, in deciding a motion for a preliminary injunction. See Asseo v. Pan Am. Grain Co., Inc., 805 F.2d 23, 26 (1st Cir. 1986). Ultimately, the issuance of preliminary injunctive relief is "an extraordinary and drastic remedy that is never awarded as of right." Peoples Fed. Sav. Bank v. People's United Bank, 672 F.3d 1, 8-9 (1st Cir. 2012) (quoting Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011)).

**B.  Application**

Plaintiffs move for injunctive relief based upon the claim of negligent misrepresentation that they raise in Count 3 of the amended complaint. Specifically, plaintiffs seek to postpone the foreclosure sale of their commercial property from November 9, 2015 until at least December 31, 2015.

**1.  Likelihood of success**

To prevail on a claim of negligent misrepresentation, plaintiffs must establish that defendant

> (1) in the course of [defendant's] business, (2) supplied false information for the guidance of others (3) in their business transactions, (4) causing and resulting in pecuniary loss to those others (5) by their justifiable reliance on the information, and that [defendant] (6) failed to exercise reasonable care or competence in obtaining or communicating the information.

Braunstein v. McCabe, 571 F.3d 108, 126 (1st Cir. 2009).

Here, plaintiffs claim that defendant deliberately made a series of misrepresentations and deceptive statements during their negotiations for a loan modification regarding the financial and documentary requirements of a loan modification application.  Plaintiffs contend, for example, that defendant falsely assured them that it would approve the loan modification if they made a down payment in the amount of $7,000 and reduced the interest-bearing balance of the subject mortgage to $566,000.  Plaintiffs allege that, even though they followed defendant's instructions, defendant ultimately denied their loan modification application based on "the lack of reasonable assurances of the[ir] ability to repay the loan."

According to plaintiffs, their justifiable reliance on defendant's fraudulent misrepresentations precluded them from "com[ing] current with their mortgage either through the sale or refinancing of their primary residence" in Somerville.  They argue that defendant's conduct ultimately resulted in the scheduling of the foreclosure sale which, if allowed to proceed, will cause plaintiffs to lose their commercial property and their primary source of income.

Defendant denies that it misrepresented the requirements of, or the review process for, the loan modification application.  Defendant points out that both parties understood that their loan modification application was subject to

-6-

defendant's approval and review.  In support of that assertion, defendant offers the affidavit of Gamaliel Oviedo, the Ocwen asset manager who worked with plaintiffs on their application, and several e-mail communications showing that the parties characterized the modification as "potential", "tentative" and "subject to approval."

The Court finds, at this preliminary stage, that plaintiffs have failed to show a likelihood of success in demonstrating that defendant made misrepresentations or deceptive statements to them regarding their loan modification application. Accordingly, the Court finds that plaintiffs are very unlikely to succeed on the merits of their negligent misrepresentation claim.

Although the other prerequisites for injunctive relief tend to favor the imposition of an injunction, they do not overcome plaintiffs' unlikelihood of success.  Plaintiffs make a strong argument that, in the absence of an injunction, they will lose their primary source of income which could cause them irreparable harm and that the balance of hardships is in their favor because they are more adversely affected by this Court's denial than defendant would have been had the Court allowed the motion for a preliminary injunction.

Nevertheless, plaintiffs are not entitled to injunctive relief because "[l]ikelihood of success on the merits is the

critical factor in the analysis." Sankey v. Aurora Loan Servs., LLC, 757 F. Supp. 2d 57, 59 (D. Mass. 2010). See also Tuxworth v. Froehlke, 449 F.2d 763, 764 (1st Cir. 1971)("No preliminary injunction should be granted in any case unless there appears to be a reasonable possibility of success on the merits."); Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993)("In the ordinary course, plaintiffs who are unable to convince the trial court that they will probably succeed on the merits will not obtain interim injunctive relief.").  Accordingly, the Court will deny plaintiffs' motion for injunctive relief.

## ORDER

For the foregoing reasons, the electronic order denying plaintiffs' motion for a temporary restraining order and/or a preliminary injunction (Docket No. 14) is **CONFIRMED.**

**So ordered.**

                                                /s/ Nathaniel M. Gorton
                                                Nathaniel M. Gorton
                                                United States District Judge

Dated November 12, 2015